UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY S. LINDSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-00916-TWP-MPB |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| NEW CASTLE CORRECTIONAL | ) |
| FACILITY, | ) |
| MEDICAL TEAM OF NEW CASTLE Annex- | ) |
| Staff nursing/DR. providers, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Second Amended Complaint and Directing Entry of Final Judgment**

This matter is again before the Court for screening pursuant to 28 U.S.C. § 1915A(b), on Plaintiff Jeffrey S. Linsey's Second Amended Complaint (Dkt. 18) which was filed on February 18, 2016. In this action, the Court has made every effort to discern a viable federal claim for relief against a particular defendant. For the reasons explained below, however, no viable claim can be identified and the Second Amended Complaint must be dismissed for lack of jurisdiction.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). "Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009)(citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12

(2005). Thus, a court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.).

In the Second Amended Complaint, Mr. Lindsey states that this lawsuit is a medical tort claim/malpractice action. He writes:

> Malpractice civil law suit filed in the United States federal court of the Southern Division of the State of Indiana. Now comes plaintiff Mr. Jeffrey. S. Lindsey 994703 to seek my medical review panel, investigation, case to be made forward. Due to Mr. Lindsey chronic care medical health issue of poor care assistance provided by all three Indiana facility of Dept of corrections State of Indiana.

Mr. Lindsey explains that he needs an outside medical appointment to "see if everything is still ok with medical illness." Dkt. 18 at p. 3. He asks that this court grant relief to move this case to the medical review panel. He reiterates his claim of malpractice is against all parties. *Id.*

Unfortunately for Mr. Lindsey, he has filed this malpractice action in the wrong court. The federal court does not have subject matter jurisdiction over his medical malpractice claims. In addition, the Court was unable to identify any action or inaction taken by any individual defendant which could support a claim under the Eighth Amendment. Because the Court has been unable to identify a viable federal claim for relief against any particular defendant, the Second Amended Complaint is subject to dismissal for lack of jurisdiction.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Accordingly, this action is dismissed without prejudice for lack of jurisdiction. Judgment consistent with this Entry shall now issue. If Mr. Lindsey intends to pursue his state law claims of malpractice he must do so in state court.

**IT IS SO ORDERED.**

Date: 2/23/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY S. LINDSEY
894703
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

3